Clerk's Office
Filed Date:
10/25/2021
U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA,

                        19-CR-557 (SJ) (RLM)

                        **ORDER ADOPTING REPORT AND RECOMMENDATION**

       -against-

BINBU FENG

       Defendant.
-------------------------------------------------X

**JOHNSON, Senior District Judge:**

       On December 2, 2019, Binbu Feng ("Defendant" or "Feng") pled not guilty to a two-count indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute at least 100 Kilograms of Marijuana and Possession with Intent to Distribute at least 100 Kilograms of Marijuana. (Dkt. No. 22). On October 5, 2020, Defendant moved to suppress the marijuana seized by a Drug Enforcement Administration ("DEA")

1

taskforce team (the "Officers") following the Officers' stop and search of his Toyota Sienna minivan on October 28, 2019.[1] (Dkt. No. 38.)

Presently before the Court are the transcript from the suppression hearing, the parties' memoranda; the Report and Recommendation ("Report") issued by Magistrate Judge Roanne L. Mann, and Defendant's objections to the Report ("Objections"). (Dkt. Nos. 38, 40, 41, 65, 69, 73, 79, 88, 91.) Familiarity therewith is assumed.

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. *See* 28 U.S.C. § 636(b)(1). Within 14 days of service of the recommendation, any party may file written objections to the magistrate's report. *See id.* Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. *See id.*

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those

---

[1] In his initial motion, Defendant also moved to suppress any incriminating statements made as a product of a custodial interrogation conducted without *Miranda* warnings. Following the suppression hearing Defendant withdrew the motion. (Dkt. No. 68.)

portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Mackay*, 07–CR–488, 2008 WL 4146359, at *1 (E.D.N.Y. Sept.8, 2008). "[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Nadolecki v. New York State Dep't of Taxation & Fin.*, 2011 WL 2437481, at *1 (E.D.N.Y. June 15, 2011); *see also Vega v. Artuz*, No. 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (reviewing for clear error where petitioner's objections recited his original arguments to the magistrate judge).

Judge Mann held an in-person evidentiary hearing on May 7, 2021. The government called two witnesses, New York State Police Officer Eladio Herrera and DEA Special Agent Ricardo Farquharson. Defendant also testified. Judge Mann, who observed the witnesses' testimony, credited Officer Herrera and Special Agent Farquharson's testimony. (Dkt. No. 88.) By contrast, Judge Mann found Defendant's testimony to be self-serving and not credible in material respects. *Id.* Defendant does not try to show that the government's witnesses were unreliable. Therefore, the Court also credits their testimony.

Following the evidentiary hearing and post-hearing briefing, Judge Mann issued a Report recommending that Defendant's suppression motion be denied. The Report found, *inter alia*,[2] that under the totality of circumstances, the Officers had reasonable suspicion to believe that Defendant was engaged in narcotics trafficking and/or drug money laundering. Accordingly, the Officers' brief investigative stop of Feng's vehicle did not violate his Fourth Amendment rights. *See Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). The Report also found that there was probable cause to believe that Feng's vehicle contained contraband, which enabled the Officers to perform a warrantless search on Defendant's vehicle. *See United States v. Babilonia*, 854 F.3d 163, 178 (2d Cir. 2017) (quotations omitted); *United States v. Goolsby*, 820 F.App'x 47, 49 (2d Cir. 2020).

Feng objects to the Report, arguing that the Officers lacked reasonable suspicion to stop his vehicle and lacked probable cause for the warrantless search. Defendant's objections consist largely of the same arguments previously made and considered by Judge Mann. Accordingly, the Court reviews for clear error.

---

[2] The Report also addresses Defendant's argument that he did not consent to a search of the vehicle. As Judge Mann and Defendant acknowledge, because the Report found probable cause for the search, it did not need to address consent. Accordingly, the Court does not do so here.

4

After reviewing the transcript, the Report, and the parties' submissions and finding no clear error, the Court accepts Judge Mann's well-reasoned recommendations and affirms the Report in its entirety.

SO ORDERED.

Dated: October 22, 2021
       Brooklyn, NY

signed Sterling Johnson, Jr., U.S.D.J.
Sterling Johnson, Jr., U.S.D.J.