```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA         *     Case No. 19-CR-557(SJ)
                                 *
                                 *     Brooklyn, New York
                                 *     March 18, 2022
        v.                       *
                                 *
BINBU FENG,                      *
                                 *
              Defendant.         *
                                 *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *

              TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
                BEFORE THE HONORABLE ROANNE L. MANN
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:              ANDREW WANG, ESQ.
                                 Asst. United States Attorney
                                 United States Attorney's Office
                                 271 Cadman Plaza
                                 Brooklyn, NY 11201


For the Defendant:               MIA EISNER-GRYNBERG, ESQ.
                                 Federal Defenders of New York
                                 One Pierrepont Plaza
                                 16th Floor
                                 Brooklyn, NY   11201



Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1          (Proceedings commenced at 2:10 p.m.)

2                THE CLERK:  Criminal cause for a guilty plea,

3     United States versus Binbu Feng, docket no. 2019-CR-557.

4     Will counsel appearing in person please state their

5     appearances for the record?

6                MR. WANG:  Good afternoon, Your Honor.  For the

7     United States, Andrew Wang.

8                THE COURT:  Good afternoon.

9                MS. EISNER-GRYNBERG:  Federal Defenders by Mia

10    Eisner-Grynberg for Mr. Feng.  Mr. Feng is to my right and to

11    his right is the official Cantonese interpreter.  Good

12    afternoon, Judge.

13               THE COURT:  Good afternoon.

14               MR. WANG:  Also present is interpreter Nancy Wu,

15    previously sworn.

16               THE COURT:  All right.  Welcome to everyone.  Would

17    everyone be seated, except Mr. Feng.

18               THE DEFENDANT:  Thank you.

19               THE COURT:  If he could remain standing.

20               THE DEFENDANT:  Thank you.

21               THE COURT:  The interpreter may as well.  Would you

22    swear the defendant?

23          (The defendant is sworn.)

24               THE CLERK:  Please state your full name and spell

25    your last name for the record.

3

1              THE DEFENDANT:  Binbu Feng.

2              THE CLERK:  And if you could spell your last name

3    for the record.

4              THE DEFENDANT:  F-E-N-G.

5              THE CLERK:  Thank you.

6              THE COURT:  Please be seated.

7              THE DEFENDANT:  Okay.  Thank you.

8              THE COURT:  Mr. Feng, you should understand that

9    having been sworn, your answers to my questions will be

10   subject to the penalties of perjury if you do not answer

11   truthfully.

12             Do you understand that?

13             THE DEFENDANT:  I do.

14             THE COURT:  I have before me a document entitled

15   Consent to Have a Plea Before United States Magistrate Judge.

16             Is that your signature on the defendant's signature

17   line?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Has this been translated for you and

20   have you discussed it with your attorney?

21             THE DEFENDANT:  Yes.

22             THE COURT:  I want -- do you understand what you've

23   agreed to by signing this document?

24             THE DEFENDANT:  Yes.

25             THE COURT:  I want to make sure that you do

4

1    understand what you've consented to.  This is Judge Johnson's

2    case.  He's a United States District Court Judge and he's the

3    Judge who will sentence you and make the ultimate decision as

4    to whether to accept your guilty plea.

5              If you wish, you have the absolute right to have

6    Judge Johnson listen to your plea and if you choose to do

7    that, there will be no prejudice or harm to you.

8              Do you understand that?

9              THE DEFENDANT:  I understand.

10             THE COURT:  On the other hand, if you wish, I will

11   listen to your plea.  I'm a United States Magistrate Judge.

12   This proceeding is being recorded.  A transcript will be made

13   of the proceeding and Judge Johnson will review it to decide

14   whether to accept your plea.  He'll also review it in

15   connection with your sentence.

16             Do you understand that?

17             THE DEFENDANT:  Understand.

18             THE COURT:  Do you wish to give up your right to

19   have Judge Johnson listen to your plea and are you prepared

20   to proceed before me instead?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you make this decision voluntarily

23   and of your own free will?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Have any threats or promises been made

5

1    to you to get you to agree to have me hear your plea?

2              THE DEFENDANT:  No.

3              THE COURT:  I find that Mr. Feng's consent is

4    knowing, intelligent and voluntary, therefore, I'm prepared

5    to proceed.

6              Mr. Feng, before accepting your guilty plea, there

7    are a number of questions that I have to ask you to make sure

8    that it's a valid plea.  If you don't understand any of my

9    questions, please say so and I'll reword the question.  All

10   right?

11             THE DEFENDANT:  Okay.

12             THE COURT:  Okay.  Mr. Feng, how old are you?

13             THE DEFENDANT:  Forty-one.

14             THE COURT:  How far did you go in school?

15             THE DEFENDANT:  Two years in junior high school.

16             THE COURT:  Are you able to speak and understand

17   any English?

18             THE DEFENDANT:  No.

19             THE COURT:  Have you had any difficulty

20   communicating with your attorney?

21             THE DEFENDANT:  Well, because there is an

22   interpreter present, so I have no difficulty in

23   communication.

24             THE COURT:  Ms. Eisner-Grynberg, have you had any

25   difficulty communicating with Mr. Feng?

6

1          MS. EISNER-GRYNBERG:  No.  We have always

2     communicated through an interpreter.

3          THE COURT:  Mr. Feng, are you now or have you

4     recently been under the care of a doctor or psychiatrist?

5          THE DEFENDANT:  No.

6          THE COURT:  In the past 24 hours, have you taken

7     any drugs, medicine, narcotics, or pills or drunk any

8     alcoholic beverages?

9          THE DEFENDANT:  No.

10          THE COURT:  Have you ever been hospitalized or

11     treated for substance abuse or for any mental or emotional

12     problem?

13          THE DEFENDANT:  No.

14          THE COURT:  Is your mind clear now?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you understand what's going on here

17     now?

18          THE DEFENDANT:  I'm in court.

19          THE COURT:  And do you understand everything that's

20     going on?

21          THE DEFENDANT:  Yes, I'm aware of it.

22          THE COURT:  Ms. Eisner-Grynberg, have you discussed

23     the matter of pleading guilty with your client?

24          MS. EISNER-GRYNBERG:  Yes, I have.

25          THE COURT:  In your view, does he understand the

1    rights he'll be waiving by pleading guilty?

2              MS. EISNER-GRYNBERG:  Yes.

3              THE COURT:  Is he capable of understanding the

4    nature of these proceedings?

5              MS. EISNER-GRYNBERG:  Yes, he is.

6              THE COURT:  Do you have any doubt as to his

7    competence to plead at this time?

8              MS. EISNER-GRYNBERG:  No.

9              THE COURT:  Have you advised him of the maximum

10   sentence and fine that can be imposed and have you discussed

11   with him the effect of the sentencing guidelines?

12             MS. EISNER-GRYNBERG:  Yes, I have.

13             THE COURT:  Mr. Feng, have you discussed your case

14   with Ms. Eisner-Grynberg and are you satisfied to have her

15   represent you?

16             THE DEFENDANT:  Very satisfied.

17             THE COURT:  Have you seen a copy of the indictment

18   that's been filed against you and has it been translated for

19   you either in writing or through an interpreter orally?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Have you consulted with Ms. Eisner-

22   Grynberg about the indictment?

23             THE DEFENDANT:  Yes, I have.

24             THE COURT:  The indictment contains two counts or

25   charges along with a criminal forfeiture allegation.  I

8

1        understand that you're prepared to plead guilty to what's

2        known as a lesser included offense within Count 2.

3                I'm going to explain what Count 2 is, then I'll

4        focus on the lesser included offense and I'll describe what

5        the government would have to prove to establish your guilt on

6        that count.

7                Count 2 charges you with Possession with Intent to

8        Distribute Marijuana.  More specifically, it alleges that on

9        October 28th of 2019, you and others knowingly and

10       intentionally possessed with intent to distribute 100

11       kilograms or more of marijuana.

12               I understand that you're prepared to plead guilty

13       to that offense without an admission or without the element

14       of the 100 kilograms of marijuana.  The quantity.

15               In order to prove you guilty of the lesser included

16       offense the government would have to prove the following

17       beyond a reasonable doubt.

18               First, that on approximately October 28th of 2019,

19       you possessed -- that is, you had custody or control of a

20       substance.

21               The government would have to prove that you

22       possessed or had control of that substance with the intention

23       to distribute, sell or otherwise transfer it.

24               The government would have to prove that the

25       substance was marijuana and that you understood that it was

9

1  marijuana or some other illegal drug that you possessed with

2  the intent to distribute.

3          And the government would have to prove that you

4  acted knowingly and intentionally and not because of some

5  mistake or innocent reason.

6          Do you understand that charge?

7          THE DEFENDANT:  I do understand.

8          THE COURT:  I now want to talk with you about the

9  rights that you'll be giving up by pleading guilty, but the

10  first and most important thing you have to understand is that

11  you have an absolute right to plead not guilty.

12          Do you understand that?

13          THE DEFENDANT:  I understand.

14          THE COURT:  If you plead not guilty, then under the

15  constitution and laws of the United States, you're entitled

16  to a speedy and public trial by jury with the assistance of

17  counsel on the charges contained in the indictment against

18  you.

19          Do you understand that?

20          THE DEFENDANT:  I do understand.

21          THE COURT:  You have the right to be represented by

22  an attorney at every stage of the proceeding, including trial

23  and if you could not afford counsel, you have the right to

24  have the Court appoint an attorney to represent you at no

25  charge to you.

1          Do you understand that?

2          THE DEFENDANT:  I do understand that.

3          THE COURT:  At the trial, you would be presumed to

4   be innocent and the government would have to overcome that

5   presumption and prove you guilty by competent evidence and

6   beyond a reasonable doubt.  You would not have to prove that

7   you are innocent.  And if the government failed to prove you

8   guilty beyond a reasonable doubt, the jury would have the

9   duty to find you not guilty.

10          Do you understand that?

11          THE DEFENDANT:  I understand.

12          THE COURT:  In the course of the trial, the

13   witnesses for the government would have to come to court and

14   testify in your presence and your attorney would have the

15   right to cross-examine the witnesses for the government, to

16   object to evidence offered by the government to compel the

17   attendance of witnesses and to offer evidence on your behalf.

18          Do you understand that?

19          THE DEFENDANT:  I understand.

20          THE COURT:  At a trial, while you would have the

21   right to testify if you chose to do so, you could not be

22   required to testify.

23          Under the Constitution of the United States, you

24   cannot be compelled to incriminate yourself.  If you decided

25   not to testify, the Court would at your lawyer's request

1    instruct the jurors that they could not hold that against

2    you.

3              Do you understand that?

4              THE DEFENDANT:  Understand.

5              THE COURT:  If you plead guilty and the Court

6    accepts your plea, you'll be giving up your constitutional

7    right to a trial and the other rights that I've just

8    discussed.

9              There will be no further trial of any kind and no

10   right of appeal from the judgment of guilty.  The Court will

11   simply enter a judgment of guilty on the basis of your guilty

12   plea.

13             Do you understand that?

14             THE DEFENDANT:  Understand.

15             THE COURT:  If you plead guilty, I'll have to ask

16   you questions about what you did in order to satisfy myself

17   and Judge Johnson that you are, in fact, guilty of the charge

18   to which you seek to plead guilty.  And you'll have to answer

19   my questions and admit your guilt.  In that way, you'll be

20   giving up your right not to incriminate yourself.

21             Do you understand that?

22             THE DEFENDANT:  Understand.

23             THE COURT:  Are you willing to give up your right

24   to a trial and the other rights that I've just discussed?

25             THE DEFENDANT:  Yes.

1          THE COURT:  I have before me a plea agreement

2     that's been marked Court Exhibit 1.  Turning to the last page

3     of that document, is that your signature on the defendant's

4     signature line on page eight?

5          THE DEFENDANT:  Yes, it is.

6          THE COURT:  And this document was translated for

7     you by Ms. Woo, Nancy Woo?

8          THE DEFENDANT:  Yes.

9          THE COURT:  And have you reviewed it with your

10     attorney?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Do you understand all the terms and

13     conditions of this agreement?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Does this document fully and accurately

16     reflect your understanding of the agreement you've reached

17     with the government concerning your guilty plea?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Other than the promises contained in

20     this document, has anyone made any promise that has caused

21     you to plead guilty?

22          THE DEFENDANT:  No.

23          THE COURT:  Has anyone made any promise to you as

24     to what your sentence will be?

25          THE DEFENDANT:  No.

1          THE COURT:  I now want to review with you the

2     sentencing scheme that's applicable here.  The statute that

3     you're accused of violating in the lesser included offense in

4     Count 2 carries a prison term of 20 years and no mandatory

5     minimum term of imprisonment.

6          Do you understand that?

7          THE DEFENDANT:  I understand.

8          THE COURT:  In addition to a prison term the

9     sentencing court can also -- will also impose a supervised

10    release term of at least three years and as long as life.

11       The supervised release term will follow any term of

12    imprisonment and if you violate a condition of supervised

13    release, you could then be sent back to prison for up to an

14    additional two years.

15         If that happened, you would not receive credit for

16    time already spent in prison, nor would you receive credit

17    for time previously served on post-release supervision.

18         Do you understand that?

19         THE DEFENDANT:  Understand.

20         THE COURT:  The sentencing court can also impose a

21    fine of up to $1,000,000.

22         Do you understand that?

23         THE DEFENDANT:  Understand.

24         THE COURT:  The sentencing court will impose a

25    mandatory $100 special assessment.

1          Do you understand that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Another consequence of your guilty plea

4     is criminal forfeiture as set forth in more detail in

5     paragraphs 6 through 11 of your plea agreement with the

6     government.

7          Do you understand that?

8          THE DEFENDANT:  I do.

9          THE COURT:  And as part of the agreement with the

10    government, you've consented to the forfeiture of a 2016

11    Toyota Sienna and a 2016 Toyota Tundra, both of which were

12    seized on approximately October 28th of 2019.

13         Do you understand that?

14         THE DEFENDANT:  Yes, I understand.

15         THE COURT:  And you should understand that

16    forfeiture is separate and apart from any fine that the Court

17    might choose to impose.

18         Do you understand that?

19         THE DEFENDANT:  Understand.

20         THE COURT:  And although the plea agreement doesn't

21    specifically provide for this, I -- well, it doesn't provide

22    -- it doesn't note it in paragraph one, it does address it in

23    paragraph 13 and that is with respect to the defendant's

24    immigration status that the -- another consequence of the

25    guilty plea is removal or deportation from the United States.

15

1          Do you understand that, Mr. Feng?

2          THE DEFENDANT:  Understand.

3          THE COURT:  And I take it Mr. Feng is not a citizen

4     of the United States.  Is that correct, Ms. Eisner-Grynberg?

5          MS. EISNER-GRYNBERG:  That's correct.

6          THE COURT:  Mr. Feng, I now want to talk with you

7     about the sentencing guidelines.  Under the Sentencing Reform

8     Act of 1984, the United States Sentencing Commission has

9     issued guidelines for judges to consider in determining the

10    sentence in a criminal case.

11          In determining the sentence, the Court is obligated

12    to calculate the applicable sentencing guideline range and to

13    consider that range, possible departures under the

14    guidelines, and other sentencing factors including those

15    specified by statute.

16          Have you and Ms. Eisner-Grynberg talked about how

17    the guidelines might apply to your case?

18          THE DEFENDANT:  Yes.  We talk about it.

19          THE COURT:  You should understand that -- that

20    Judge Johnson will not be able to do the guideline

21    calculation for your case until after the Probation

22    Department has prepared a pre-sentence report and you and

23    your attorney have had an opportunity to read it and to

24    challenge the facts recorded by the probation officer.

25          Do you understand that?

1          THE DEFENDANT:  Understand.

2          THE COURT:  You should also understand after it's

3     been determined what guideline applies to a case, the judge

4     has the authority to impose a sentence that is more severe or

5     less severe than the sentence called for by the guidelines,

6     depending on what is a reasonable sentence.

7          Do you understand that?

8          THE DEFENDANT:  Understand.

9          THE COURT:  I'm now going to ask the attorneys to

10    give their best estimate of what the guideline range is

11    likely to be, but I want you to keep in mind that these

12    estimates are simply their own best guesses.  They're not

13    binding upon Judge Johnson, even if both your lawyer and the

14    prosecutor happen to be in agreement.

15         Do you understand that?

16         THE DEFENDANT:  Understand.

17         THE COURT:  I just had a note passed up to me

18    asking whether I had skipped the mandatory special

19    assessment.  I thought I had noted it, but in an abundance of

20    caution, another consequence of your plea is a mandatory $100

21    special assessment.

22         Do you understand that, Mr. Feng?

23         THE DEFENDANT:  I do understand.

24         THE COURT:  Again, I'm now going to ask the

25    attorneys to give their best estimate of what the guideline

1  range of imprisonment is likely to be, but again, this is not

2  binding on Judge Johnson.

3  I'll start with Mr. Wang.  I take it the

4  government's calculation is set forth in paragraph two of the

5  agreement.

6  MR. WANG:  It is, Your Honor.

7  THE COURT:  And you've calculated an offense level

8  of 14 with a two level reduction for acceptance of

9  responsibility.  That would result in an adjusted offense

10  level of 12 and a range of imprisonment of 10 to 16 months,

11  assuming that the defendant falls within criminal history

12  category one.

13  Is that correct?

14  MR. WANG:  That's correct, Your Honor.

15  THE COURT:  And, Ms. Eisner-Grynberg, have you done

16  your own calculation under the guidelines?

17  MS. EISNER-GRYNBERG:  We have the same calculation.

18  THE COURT:  All right.

19  Mr. Feng, again, I would just emphasize that even

20  though both attorneys are in agreement, Judge Johnson will

21  have to do his own calculation under the -- under the

22  guidelines.

23  Do you understand that?

24  THE DEFENDANT:  I do.

25  THE COURT:  I want to point out a particular

1    provision of this agreement.  Paragraph 4 provides in

2    substance and in part that you will not file an appeal or

3    otherwise challenge your conviction or sentence in the event

4    the Court imposes a term of imprisonment of 16 months or

5    below.  Sixteen months is the upper end of the guideline

6    range estimate by the attorneys.

7              Now, under this agreement, you and your lawyer are

8    free to argue before your sentence that you should not be

9    sent to prison for as long as 16 months.

10             For example, under this agreement, you and Ms.

11   Eisner-Grynberg could argue that you should be sentenced

12   below the guideline range or that if the judge is inclined to

13   sentence you within the range, that he sentence you at the

14   low end of the range rather than the upper end of the range.

15             All of these arguments and other good faith

16   arguments are available to you and your lawyer before your

17   sentence.

18             However, because of the language in paragraph four

19   that I've just summarized for you, once Judge Johnson

20   sentences you, as long as he does not send you to prison for

21   more than 16 months, that is the end of the matter.

22             You've agreed that as long as your sentence is 16

23   months or below, you will not file an appeal or otherwise

24   challenge your conviction or sentence.

25             Do you understand that?

19

1           THE DEFENDANT:  I do.

2           THE COURT:  You should also understand that parole

3     has been abolished and if you're sentenced to prison, you

4     will not be released on parole.

5           Do you understand that?

6           THE DEFENDANT:  I understand.

7           THE COURT:  Do you have any questions you'd like to

8     ask me about the charge, your rights, or anything else

9     relating to this matter?

10          THE DEFENDANT:  No, I do not have any questions.

11          THE COURT:  Are you ready to plead?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Ms. Eisner-Grynberg, do you know any

14    reason why your client should not plead guilty?

15          MS. EISNER-GRYNBERG:  No.

16          THE COURT:  Mr. Feng, what is your plea to the

17    lesser included offense of Count 2; guilty or not guilty?

18          THE DEFENDANT:  I plead guilty.

19          THE COURT:  Are you making this plea of guilty

20    voluntarily and of your own freewill?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Has anyone threatened or forced you to

23    plead guilty?

24          THE DEFENDANT:  No.

25          THE COURT:  Other than the plea agreement marked

20

1      Court Exhibit 1, has anyone made any promise that has caused

2      you to plead guilty?

3                  THE DEFENDANT:  No.

4                  THE COURT:  Has anyone made any promise to you as

5      to what your sentence will be?

6                  THE DEFENDANT:  No.

7                  THE COURT:  Again, the lesser included offense in

8      Count 2 alleges that on approximately October 28 of 2019, you

9      and others knowingly and intentionally possessed marijuana

10     with the intent to distribute it.

11                 Did you, in fact, do that?

12                 THE DEFENDANT:  Yes.

13                 THE COURT:  Would you tell me in your own words

14     what you did that makes you guilty of that offense?

15                 THE DEFENDANT:  On October 28th, 2019 in Queens,

16     New York, I picked up packages that I knew contained

17     marijuana.  I was driving them to another person when I was

18     arrested.

19                 THE COURT:  And you say you knew that the packages

20     contained marijuana.  At the time that you picked them up and

21     were transporting them, you knew that that was marijuana, a

22     controlled substance?

23                 THE DEFENDANT:  Yes.

24                 THE COURT:  And you knew from the quantity that

25     this was not personal -- for personal use.  This was a large

1      quantity to be -- to be sold or otherwise transferred?

2            THE DEFENDANT:  Yes.  I was in charge of making

3      deliveries, so my job was delivering it.

4            THE COURT:  Mr. Wang, is there -- do you want to

5      follow up on this line of inquiry?

6            MR. WANG:  Your Honor, the defendant has stated

7      that he was intending on delivering it to another person.

8            I suppose we could be thorough and confirm he

9      agrees that at the time he possessed the marijuana, he

10     intended to distribute or dispense it to another person.

11           THE COURT:  You were -- you were in possession of

12     this with the intent to transfer it to someone else, correct?

13           THE DEFENDANT:  Yes.  To deliver it to others.

14           THE COURT:  And it was a large quantity?  Large

15     bags of marijuana?

16           THE DEFENDANT:  In fact, I do not know the actual

17     number.

18           THE COURT:  I'm not asking you the actual number.

19     It's just -- it wasn't in a little bag, sandwich bag.  They

20     were big bales, correct?

21           THE DEFENDANT:  Yes.

22           THE COURT:  And you knew it was wrong to do that?

23           THE DEFENDANT:  I was aware of that, yes.

24           THE COURT:  Is there any further inquiry that the

25     government would like me to make of the defendant?

22

1          MR. WANG:  No, Your Honor.

2          THE COURT:  Based on the information provided to

3     me, I find that Mr. Feng is acting voluntarily.  That he

4     fully understands his rights and the consequences of his

5     plea, and that there is a factual basis for the plea.

6          I, therefore, recommend acceptance of the plea of

7     guilty to the lesser included offense in Count 2.

8          I believe we have a date for sentence?

9          MR. WANG:  Correct, Judge.  It's June 28th, 2022 at

10    9:30 a.m.

11         THE COURT:  And do we know, is that -- will that be

12    in person?

13         MR. WANG:  I expect so.

14         THE COURT:  Mr. Feng, in the interim, the Probation

15    Department will be preparing a pre-sentence report.  I urge

16    you to cooperate with the probation officer.

17         Is there anything further that anyone would like to

18    address?

19         MR. WANG:  Not from the government, Your Honor.

20         MS. EISNER-GRYNBERG:  Neither from Mr. Feng.  Thank

21    you.

22         THE COURT:  All right.  In that case, I'll conclude

23    this proceeding.  Everyone please take care and stay safe.

24    Good-bye.

25         MR. WANG:  Thank you, Your Honor.

1          THE DEFENDANT:  Thank you.

2      (Proceedings concluded at 2:40 p.m.)

3

4          I, CHRISTINE FIORE, court-approved transcriber and

5      certified electronic reporter and transcriber, certify that

6      the foregoing is a correct transcript from the official

7      electronic sound recording of the proceedings in the above-

8      entitled matter.

9

10     *Christine Fiore*

11     _____          April 29, 2022

12         Christine Fiore, CERT

13

14

15

16

17

18

19

20

21

22

23

24

25